UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                            :
UNITED STATES,                      :
                     Plaintiff,    :        20 Crim. 339 (LGS)
                            :
          -against-      :         ORDER
                            :
TONY TARTT,                     :
                    Defendant.   :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Defendant requests  pre-trial release pursuant to 18 U.S.C. 3145(b), arguing that (1) his history of type two diabetes, obesity, high blood pressure, asthma and smoking render the risk of health complications too great given the presence of COVID-19 in the Metropolitan Correctional Facility ("MCC") where he is housed and (2) there are bail conditions -- a $150,000 bond and home detention with electronic monitoring -- that could reasonably ensure his future appearance and the safety of the community.  The Government opposes.

       WHEREAS, Defendant is awaiting trial on one count of being a felon in possession of ammunition arising from an incident in which he was allegedly shown on surveillance video (1) firing several shots at two individuals from six to eight feet away and (2) moments later, hiding a firearm in his pocket when a police cruiser passed by.  On August 4, 2020, Defendant appeared before Magistrate Judge Fox and sought release on bail conditions, including home detention with electronic monitoring.  Defendant argued that his medical conditions create a risk of significant health complications were he to contract COVID-19 while detained.  After weighing the 18 U.S.C. § 3142(g) factors, Judge Fox denied bail, noting that although Defendant had ties to his community, it was undisputed that he had an extensive prior criminal history, had sought to avoid arrest when located in Virginia six weeks after the alleged offense and that a search warrant executed at his Bronx home found an optical device for a firearm.  Judge Fox found these factors

showed "that there are not conditions that would permit Mr. Tartt to be at liberty that would

safeguard the community from danger and ensure that he would not flee."

## Bail Under 18 U.S.C. § 3145(b)

A pretrial defendant shall be detained pending trial if "no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of any

other person and the community."  18 U.S.C. § 3142(e)(1).  The statute lays out the following

factors for the court's consideration:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including --

>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  A court reviews a magistrate judge's detention order *de novo*.  18 U.S.C.

§ 3145(b); *see also United States v. Santos*, No. 19 Crim. 819, 2020 WL 3446866, at *2

(S.D.N.Y. June 24, 2020) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)).

WHEREAS, it is undisputed that: (1) warrants for Defendant's arrest were issued  after he

failed to appear in court; (2) in the past, Defendant pleaded guilty to attempted assault and was

2

convicted for criminal facilitation, obstruction of governmental administration and conspiracy in the second degree; (3) Defendant was reincarcerated following a parole violation in his conspiracy case, ultimately serving a sentence of six years; (4) Defendant was on pretrial release for a state charge of driving while intoxicated when the alleged offense in this case occurred; (5) Defendant sought to avoid arrest when he was found in Virginia six weeks after the alleged offense in this case; (6) a search of Defendant's Bronx home turned up  an optical device for a firearm; (7) the circumstances of the alleged offense are serious, involving close-range gunfire at two individuals; (8) the Government claims to have substantial evidence in the form of surveillance video and (9) if convicted, Defendant faces a high likelihood of a lengthy prison sentence.  These factors weigh strongly toward finding Defendant a flight risk and a danger to the community and justify pre-trial detention.  Defendant suggests that a $150,000 bond, coupled with home confinement and electronic monitoring, would be the "least restrictive" set of conditions sufficient to ensure Defendant's appearance and the safety of the community, particularly because Defendant has lived in the Bronx his entire life and maintains family and community connections there.  18 U.S.C. § 3142(c)(1)(B).  That argument is unpersuasive in light of the above factors suggesting he is a flight risk and danger to the community.

WHEREAS, Defendant claims that he should be granted bail due to his "physical . . . condition," 18 U.S.C. § 3142(g)(3)(A), namely health issues that put him at a greater risk of severe complications were he to contract COVID-19.  Defendant first argues that he is likely to contract COVID-19, alleging that the MCC has "reportedly failed to meet even the most basic recommendations of the CDC for preventing the spread of coronavirus" and thus that "[a]gainst the backdrop of COVID-19, [Defendant] is literally a ticking time bomb."  Defendant provides no evidence that the MCC has failed to mitigate the spread of COVID-19.  The MCC,

like other Bureau of Prisons ("BOP") facilities, has implemented COVID-19 containment

measures, including masks, social distancing, testing protocols, quarantine measures and an

ongoing vaccination campaign for detainees and staff.  *See* Bureau of Prisons, *BOP Modified*

*Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Mar. 9, 2021).  Of

3,288 inmates tested at the MCC during the COVID-19 pandemic, approximately 90 have tested

positive.  *See* Bureau of Prisons, *Report on New York MCC and MDC Conditions*,

https://www.nyed.uscourts.gov/pub/bop/20210225_BOP_Report.pdf (last visited Mar. 9, 2021).

As of March 9, 2021, BOP reports no current positive inmate cases at the MCC, and 16 positive

cases among the staff.  Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/

(last visited Mar. 9, 2021).

      As to Defendant's physical condition, the Centers for Disease Control ("CDC") has stated

that people of any age with certain underlying health conditions are at an increased risk of severe

illness due to COVID-19.  *See Coronavirus Disease 2019 (COVID-19): People Who Are At*

*Higher Risk*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-

higher-risk.html (last visited Mar. 9, 2021) (the "CDC Guidance").  Courts have also recognized

that individuals in confinement settings may be at a "heightened risk of contracting COVID-19."

*United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

      WHEREAS, Defendant's medical records show that he suffers from several conditions

that put him at increased risk for complications from COVID-19.  First, Defendant has asthma

and has sometimes used inhalers and medications to manage that condition.  His records also

show that he was hospitalized for asthma in 2019, before he was taken into custody.  Moderate to

severe asthma is a condition that "might" increase the risk of severe illness from COVID-19 per

the CDC Guidance.  Defendant's medical records do not demonstrate whether his asthma is

moderate or severe, but they do show that Defendant receives regular monitoring and treatment for this condition.  Relatedly, Defendant claims to suffer from bronchitis, which is treated with an inhaler.  Defendant's medical records do not show any instances of bronchitis but do show that, because of Defendant's asthma, any respiratory issues are regularly monitored and treated.

Second, Defendant's medical records show that he suffers from type 2 diabetes, which increases his risk for severe illness from COVID-19 per the CDC.  His medical records also show that he is prescribed daily medication, including insulin, to manage that condition and that he receives regular assessments, care and counseling for his diabetes.

Third, Defendant suffers from hypertension.  The CDC states that "pulmonary" hypertension is a proven risk factor for COVID-19, while "benign essential" hypertension is not. Defendant's medical records do not identify what type of hypertension he has but show that his blood pressure is regularly monitored.  Defendant also concedes that this condition is treated by medication.

Fourth, Defendant's medical records show that he is severely obese, with a body mass index ("BMI") of 40.0 to 44.99.  A BMI above 30 increases a person's risk of severe illness from COVID-19 per the CDC Guidance.  Fifth, Defendant's medical records show that he smokes, a condition that increases a person's risk of illness from COVID-19 per the CDC Guidance.

Although Defendant's conditions are serious, they do not justify release on bail.  First, COVID-19 infection rates at the MCC are low, with zero current inmate cases.  Second, the MCC anticipates vaccinating inmates shortly once BOP completes vaccinations in higher-risk facilities. Third, Defendant concedes, and his medical records show, that with the exception of his smoking and obesity, his conditions are being actively and successfully treated.  Fourth, Defendant's medical records show that he has regular access to medical monitoring and care.  In these

circumstances, Defendant's medical conditions do not overcome the significant factors discussed above demonstrating that he is a flight risk and danger to the community.

**Pre-Trial Release Under 18 U.S.C. § 3142(i)**

WHEREAS, the court may also permit a defendant's temporary release from pre-trial detention to the custody of the United States marshal or other appropriate person, "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). "In considering whether there is a 'compelling reason' for a defendant's release under this provision, however, a court must balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention." *United States v. Chambers*, No. 20 Crim. 135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks and citation omitted).

Defendant argues that the above-discussed health complications justify his release under 18 U.S.C. § 3142(i). This argument is unpersuasive. As described above, conditions at the MCC do not place Defendant at a significant risk of contracting COVID-19 and Defendant has ready access to medical care. The potential harm to Defendant is outweighed by the grave danger to the public and significant flight risks posed by Defendant's criminal history, his parole violations and past non-appearances, the nature of the charged offense, the potential for a substantial jail sentence and the incentives for flight. Accordingly, it is hereby

**ORDERED** that Defendant's request for pre-trial release is **denied**. It is further

**ORDERED** that the status conference currently scheduled for March 10, 2021, is **adjourned** to **March 31, 2021, at 11:00 a.m.** It is further

**ORDERED** that as soon as possible but no later than **March 11, 2021**, the parties shall file a joint letter stating whether they consent to the Court conducting the March 31, 2021,

6

hearing via videoconference and/or telephone conference.  If Defendant consents and if feasible, Defendant should sign and submit the attached waiver of personal appearance form.  It is further

**ORDERED** that, subject to the parties' consent, the status conference will be conducted via videoconference. Counsel for the Government and for Mr. Tartt are directed to appear and will be provided with call-in instructions via email. The MCC is directed to produce Mr. Tartt for this conference.

Dated: March 9, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7

April 2, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA

                                   -v-                                              **WAIVER OF RIGHT TO BE PRESENT**
                                                                                    **AT CRIMINAL PROCEEDING**

                                              ,
                                         Defendant.                                 _____-CR-_____(___) (___)
-----------------------------------------------------------------X

**Check Proceeding that Applies**

_____    Arraignment

         I have been given a copy of the indictment containing the charges against me and have reviewed it with my
         attorney.  I understand that I have a right to appear before a judge in a courtroom in the Southern District
         of New York to confirm that I have received and reviewed the indictment; to have the indictment read aloud
         to me if I wish; and to enter a plea of either guilty or not guilty before the judge.  After consultation with
         my attorney, I wish to plead not guilty.  By signing this document, I wish to advise the court of the following.
         I willingly give up my right to appear in a courtroom in the Southern District of New York to advise the court
         that:

                 1)       I have received and reviewed a copy of the indictment.
                 2)       I do not need the judge to read the indictment aloud to me.
                 3)       I plead not guilty to the charges against me in the indictment.


Date:            _____
                 Signature of Defendant


                 _____
                 Print Name


___      Bail Hearing

         I am applying or in the future may apply for release from detention, or if not detained, for modification of
         the conditions of my release from custody, that is, my bail conditions.  I understand that I have a right to
         appear before a judge in a courtroom in the Southern District of New York at the time that my attorney
         makes such an application. I have discussed these rights with my attorney and wish to give up these rights
         for the period of time in which access to the courthouse has been restricted on account of the COVID-19
         pandemic.   I request that my attorney be permitted to make applications for my release from custody or
         for modification of the conditions of my release even though I will not be present, and to make such
         applications in writing or by telephone in my attorney's discretion.


Date:            _____
                 Signature of Defendant


                 _____
                 Print Name

_____    Conference

I have been charged in an indictment with violations of federal law.  I understand that I have a right to be present at all conferences concerning this indictment that are held by a judge in the Southern District of New York, unless the conference involves only a question of law.  I understand that at these conferences the judge may, among other things, 1) set a schedule for the case including the date at which the trial will be held, and 2) determine whether, under the Speedy Trial Act, certain periods of time should be properly excluded in setting the time by which the trial must occur.  I have discussed these issues with my attorney and wish to give up my right to be present at the conferences.  By signing this document, I wish to advise the court that I willingly give up my right to be present at the conferences in my case for the period of time in which access to the courthouse has been restricted on account of the COVID-19 pandemic.  I request that my attorney be permitted to represent my interests at the proceedings even though I will not be present.

Date:       _____
            Signature of Defendant


            _____
            Print Name


I hereby affirm that I am aware of my obligation to discuss with my client the charges contained in the indictment, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver form.  I affirm that my client knowingly and voluntarily consents to the proceedings being held in my client's absence. I will inform my client of what transpires at the proceedings and provide my client with a copy of the transcript of the proceedings, if requested.

Date:       _____
            Signature of Defense Counsel


            _____
            Print Name


**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant.  The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it.   The interpreter's name is: _____.


Date:       _____
            Signature of Defense Counsel


**Accepted:**   _____
            Signature of Judge
            Date:

2