UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES OF AMERICA,

                                              20 Cr. 339 (LGS)
           -against-

    TONY TARTT,                                          <u>SCHEDULING ORDER</u>
                                    Defendant,
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, Defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  A sentencing hearing is scheduled to take place on January 13, 2022.

        WHEREAS, the parties have not agreed to a particular calculation of the recommended sentence under the United States Sentencing Guidelines (the "Guidelines").  The parties disagree about the factual issue of whether Defendant's conduct in committing the shooting in this case constitutes attempted murder under the Guidelines—specifically, whether the evidence supports an inference that Defendant had an intent to kill when he fired the gun.  The parties have agreed that a *Fatico* hearing is unnecessary and made written arguments about the appropriate inference of intent to be drawn from the videos of the shooting.

        WHEREAS, the Court has reviewed two videos (which show the shooting from two different angles), the parties' submissions and the applicable Guidelines.

        WHEREAS, the Guideline for a violation of 18 U.S.C. § 922(g) is found in § 2K2.1.  The Guidelines calculation under § 2K2.1(a)-(b) results in an offense level of 18.  Because Defendant was a "prohibited person" at the time he committed the offense, pursuant to § 2K2.1(a)(6)(A), the

base offense level is 14.  Four levels are added, pursuant to § 2K2.1(b)(6)(B), since the ammunition was possessed in connection with another felony offense.  The parties do not dispute the base offense level or this four-point enhancement.

WHEREAS, the Cross Reference under § 2K2.1(c)(1) applies since the offense level for the offense in connection with the ammunition that was possessed produces a higher offense level than that produced under § 2K2.1(a)-(b), i.e., level 18 as set forth above.  Since death did not result from the other offense, § 2K2.1(c)(1)(A) is applied.

WHEREAS, the Court finds that, in committing the shooting, Defendant did not have an intent to kill or an intent merely to frighten the victims, but rather an intent to cause bodily injury.  Defendant shot at the victims at least twice (before and after the police car passed), missed, and on each occasion did not keep shooting after the miss.  If he had intended to kill either or both of the victims, it seems likely that he would have continued to shoot immediately after the miss.  The video shows that all shots were in close proximity to the victims, and the last shot was visibly aimed at the victims and not in the air or in another direction, suggesting that Defendant did not intend merely to frighten them but instead intended to injure one of them but missed.

WHEREAS, the appropriate Guideline from Chapter Two is § 2A2.2(b)(2), titled "Aggravated Assault," and not § 2A2.1(a)(2), titled "Assault with Intent to Commit Murder; Attempted Murder."  "Aggravated assault" is defined to include a "felonious assault that involved . . . a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon." Application Note 1, § 2A2.2.

WHEREAS, since a weapon was discharged during the assault, the base offense level of 14 for aggravated assault is increased by 5 for an offense level of 19 under Guideline § 2A2.2(b)(2)A), which exceeds 18 as set forth above.

WHEREAS, the resulting Total Offense Level in this case appears to be 16, after reducing the Adjusted Offense Level of 19 by three points for Defendant's acceptance of responsibility under § 3E1.1(a) and (b).

WHEREAS, Defendant's total criminal history score of nine establishes a Criminal history Category of IV, and the parties do not dispute this calculation.

WHEREAS, based on an Offense Level of 16 and a Criminal History Category of IV, the recommended sentence under the Guidelines would be:

1. A term of imprisonment 33 to 41 months,
2. Supervised Release of 1 to 3 years,
3. A fine of $10,000 to $95,000; and
4. The defendant is ineligible for Probation.  It is hereby

**ORDERED** that the parties shall file any objection to the foregoing calculation of the applicable Guidelines in the case no later than 5 p.m. on January 11, 2022.

Dated: January 10, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE